J-S57043-18

2019 PA Super 57

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
          Appellee :
     v. :
:
DENNIS MADDREY, :
:
          Appellant : No. 268 EDA 2018

Appeal from the PCRA Order November 2, 2012
in the Court of Common Pleas of Philadelphia County
Criminal Division, at No(s): CP-51-CR-0001586-2010
CP-51-CR-0003261-2010
CP-51-CR-0003266-2010
CP-51-CR-0007273-2010

BEFORE: PANELLA, J., PLATT, J.* and STRASSBURGER, J.*

OPINION BY STRASSBURGER, J.: **FILED FEBRUARY 22, 2019**

Dennis Maddrey (Appellant) appeals from the November 2, 2012 order, which dismissed his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

We provide the following background. In July and August of 2009, Appellant, along with a co-conspirator, Kenneth Williams, committed four armed robberies. On October 3, 2011, Appellant entered into a negotiated plea agreement wherein he pleaded guilty to multiple counts of robbery and related charges at four separate docket numbers. Pursuant to the plea agreement, he was sentenced that day to 13 to 26 years of incarceration. Neither post-sentence motions nor a direct appeal was filed.

---

*Retired Senior Judge assigned to the Superior Court.

On February 13, 2012, Appellant filed *pro se* a PCRA petition listing all four docket numbers. According to Appellant, trial counsel was ineffective for failing to file a motion to dismiss all four of his cases pursuant to Pa.R.Crim.P. 600 (providing that when a defendant is not brought to trial within a particular timeframe, he or she is entitled to have the case dismissed with prejudice).[1] The PCRA court appointed Attorney Gary Server to represent Appellant.

On August 6, 2012, Attorney Server filed a no-merit letter and petition to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Specifically, Attorney Server concluded that 1) Appellant waived his claim because he did not file a motion to dismiss prior to pleading guilty; 2) even if he had filed the motion, Appellant agreed to waive his right for the motion to be heard by pleading guilty; and 3) Appellant's guilty plea was

---

[1] We observe that upon review of the record, it appears that trial counsel did indeed file a Rule 600 motion on September 26, 2011. **See** Motion to Dismiss Pursuant to Rule 600(G), 9/26/2011. Although the trial court never ruled on that motion, just days later, on October 3, 2011, Appellant entered his negotiated guilty plea agreement.

According to the motion, two of the complaints in Appellant's cases were filed on September 10, 2009, one on October 6, 2009, and one on December 10, 2009. **See** Motion to Dismiss Pursuant to Rule 600(G), 9/26/2011, at ¶¶ 1, 3, 5, and 7. Thus, the mechanical run dates for these cases were September 10, 2010, October 6, 2010, and December 10, 2010, respectively. **Id**. at ¶¶ 2, 4, 6, and 8. According to Appellant, the filing of this motion on September 26, 2011, meant the Commonwealth had not acted with due diligence in bringing Appellant to trial within 365 days. **Id**. at ¶ 10.

entered knowingly, intelligently, and voluntarily, and therefore trial counsel was not ineffective.[2] **Turner**/**Finley** Letter, 8/6/2012, at 3-4 (unnumbered). Appellant filed *pro se* a response to Attorney Server's motion and letter, arguing that Attorney Server's analysis was incorrect, and suggesting that an argument that trial counsel was ineffective for failing to file the Rule 600 motion resulting in an involuntary guilty plea is a claim cognizable under the PCRA. **See** Response to **Finley** Letter, 8/30/2012.

On September 28, 2012, the PCRA court filed notice of its intention to dismiss Appellant's PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907.[3] On November 2, 2012, the PCRA court entered an order permitting Attorney Server to withdraw as counsel and dismissing Appellant's PCRA petition.[4]

---

[2] The transcript of the guilty plea hearing is not included in the certified record. Upon inquiry to the Prothonotary, this Court learned that it is not available. Thus, it is not clear to us how Attorney Server was able to conclude that Appellant's guilty plea was knowing, intelligent, and voluntary. However, the issue Appellant raises on appeal, as discussed *infra*, is not affected by the missing transcript.

[3] The Rule 907 notice is listed among the docket entries at docket number 1586, but is not in the certified record at that docket. It is in the certified record at docket numbers 3261, 3266, and 7273, and lists all four docket numbers on it.

[4] This order is listed among the docket entries at all docket numbers, but is not included in the certified record at any docket. "[U]nder the Pennsylvania Rules of Appellate Procedure, any document which is not part of the officially certified record is deemed non-existent." **Commonwealth v. Preston**, 904 A.2d 1, 6 (Pa. Super. 2006). This Court *sua sponte* requested that the prothonotary file a supplemental certified record including this order;

On September 18, 2013, Appellant *pro se* filed a second PCRA petition requesting the reinstatement of his appellate rights from the denial of his first PCRA petition. According to Appellant, he never received the November 2, 2012 order. That motion was granted[5] by order entered October 27, 2017.[6] On January 8, 2018, Appellant filed *pro se* a single notice of appeal listing all four docket numbers.[7] On January 19, 2018, the PCRA court

---

however, the prothonotary notified us that this order is not available. Where, as here, "the absence [of the document] is attributable to court personnel, [the] Superior Court shall resolve on the merits the issue raised in the appeal." ***Commonwealth v. Barge***, 743 A.2d 429-30 (Pa. 1999).

[5] As an exception to the PCRA timeliness requirements, Appellant asserted the newly-discovered fact that the PCRA court dismissed his petition on November 2, 2012, but he did not know about that order. According to the PCRA court, the Commonwealth agreed to the reinstatement of Appellant's right to appeal *nunc pro tunc*. ***See*** PCRA Court Opinion, 4/12/2018, at 1. Although not clear from the record, the PCRA court and Commonwealth must have believed Appellant's contention that he never received notice of the November 2, 2012 order dismissing his petition, and concluded that indeed satisfied the timeliness exception. Based on the fact that this order is not in the certified record, that certainly seems plausible.

[6] It is not clear from the record why there was a four-year delay in entering this order. Moreover, also unclear is why the PCRA court filed three separate orders at docket numbers 1586, 3261, and 3266 on October 27, 2017, and an order at docket number 7273 on December 21, 2017. Importantly, as discussed *infra*, the December 21, 2017 order included an additional footnote stating that Appellant "is hereby advised that he has thirty (30) days from December 22, 2017 within which to file an appeal." Order, 12/21/2017, at n.1.

[7] In ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018), our Supreme Court considered whether to quash an appeal where one notice of appeal was filed for orders entered at more than one docket number. The Official Note to Pennsylvania Rule of Appellate Procedure 341(a) provides that "[w]here … one or more orders resolves issues arising on more than one

issued an order for Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On January 29, 2018, Appellant filed a concise statement claiming that the PCRA court erred by failing to hold an evidentiary hearing. The PCRA court filed an opinion on April 12, 2018.

Before we reach the claim presented by Appellant on appeal, we consider whether the appeal was timely filed. *See Commonwealth v. Trinidad*, 96 A.3d 1031, 1034 (Pa. Super. 2014) ("It is well settled that the timeliness of an appeal implicates our jurisdiction and may be considered *sua sponte*."). "When the trial court issues an order reinstating an appellant's appeal rights, the appellant must file the appeal within 30 days of the order reinstating the appeal rights." *Commonwealth v. Wright*, 846 A.2d 730, 734 (Pa. Super. 2004). We will not quash an appeal where the order does not inform an appellant that he or she has 30 days to file an appeal. *See id*. In this case, Appellant was not informed of this 30-day requirement until the December 21, 2017 order was issued at docket number 7273. He filed an appeal on January 8, 2018, within the 30-day

---

docket … separate notices of appeal must be filed." In *Walker*, our Supreme Court acknowledged that this rule has been applied inconsistently in the past. Thus, it held that for appeals filed after June 1, 2018, the date *Walker* was filed, "when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed." *Id.* at 977. Here, the notice of appeal was filed prior to *Walker*; thus, Appellant's single notice of appeal does not require us to quash on this basis.

- 5 -

period for that order. Based on the foregoing, we will not quash this appeal for untimeliness.

We now turn to the merits of the appeal, where Appellant contends the PCRA court erred by failing to hold an evidentiary hearing. **See** Appellant's Brief at 8. According to Appellant, "an evidentiary hearing should have been held to establish the factual basis of [the Rule 600] claim." **Id**. at 8. The PCRA court concluded that Appellant was not entitled to an evidentiary hearing because "the case was tried within the time allotted by Rule 600." PCRA Court Opinion, 4/12/2018, at 4.

We consider this issue mindful of the following.

> Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party. With respect to the PCRA court's decision to deny a request for an evidentiary hearing, or to hold a limited evidentiary hearing, such a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion.

**Commonwealth v. Mason**, 130 A.3d 601, 617 (Pa. 2015) (internal citations and quotation marks omitted).

Because Appellant's Rule 600 claim implicates the ineffective assistance of counsel, we bear in mind the following.

> Counsel is presumed effective, and an appellant has the burden of proving otherwise. In order for Appellant to prevail on a claim of ineffective assistance of counsel, he must show, by a preponderance of the evidence, ineffective assistance of counsel

which so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

To prevail on his ineffectiveness claims, Appellant must plead and prove by a preponderance of the evidence that: (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) Appellant suffered prejudice because of counsel's action or inaction.

*Commonwealth v. Presley*, 193 A.3d 436, 442 (Pa. Super. 2018) (internal citations and quotation marks omitted).

Furthermore, we set forth the principles regarding Rule 600. Rule 600 provides that a defendant on bail is entitled to have trial commence no later than 365 days after the complaint date. *See* Pa.R.Crim.P. 600(A)(3).[8] When computing the number of pretrial days attributable to the Commonwealth under this rule, certain delays are excluded, such as those occasioned by defense postponements, by express defense waivers of Rule 600, by the unavailability of the defendant or defense counsel, and an inability to locate and apprehend the defendant. *See* Pa.R.Crim.P. 600(C).

At any time prior to trial, a defendant may move for dismissal of the case if Rule 600 has been violated. *See* Pa.R.Crim.P. 600(G). However, even when the defendant has not been tried within 365 days, and even when those days appear to be attributable to the Commonwealth, a Rule 600 motion shall nevertheless be denied if the Commonwealth proves that it

---

[8] Amendments to Rule 600 were adopted on October 1, 2012, and came into effect on July 13, 2013. This proceeding, however, is governed by the previous version of Rule 600, which was in effect prior to July 13, 2013.

acted with due diligence in attempting to try the defendant timely and that the circumstances occasioning the delay were beyond the Commonwealth's control. *See Commonwealth v. Frye*, 909 A.2d 853, 858 (Pa. Super. 2006); *see also* Pa.R.Crim.P. 600(G).

Due diligence is a fact-specific concept to be determined on a case-by-case basis. *See Commonwealth v. Ramos*, 936 A.2d 1097, 1102 (Pa. Super. 2007). Although due diligence does not demand perfection, it does require the Commonwealth to put forth a reasonable effort. *See id*. A meritorious Rule 600 motion would result in dismissal of the charges against Appellant. *See* Pa.R.Crim.P. 600(G). Accordingly, prejudice will be established upon a showing of a meritorious claim. *See Commonwealth v. Lynn*, 815 A.2d 1053, 1056 (Pa. Super. 2003). Conversely, counsel is not ineffective for failing to pursue a meritless claim. *See Commonwealth v. Keaton*, 82 A.3d 419, 426 (Pa. 2013) ("[I]t is axiomatic that [trial] counsel will not be considered ineffective for failing to pursue meritless claims."). We, therefore, must assess if a Rule 600 claim would have been meritorious in order to determine if trial counsel was ineffective for failing to pursue such a motion prior to Appellant's pleading guilty.

Ordinarily, upon the proper and timely filing of a Rule 600 motion, it would be the Commonwealth's burden to establish that due diligence was exercised in bringing Appellant to trial. *See Commonwealth v. Colon*, 87 A.3d 352, 359 (Pa. Super. 2014) (noting that the "failure of the

Commonwealth to commence trial within 365 days from the filing of the complaint constitutes a technical Rule 600 violation[, and] the Commonwealth has the burden of demonstrating by a preponderance of the evidence that it exercised due diligence"). The procedural posture of this case, however, is such that Appellant, upon collateral review, is attempting to demonstrate trial counsel was ineffective for failing to pursue a Rule 600 claim. Thus, Appellant bears both the burden of demonstrating that there was arguable merit to his motion, and he was prejudiced by the failure of trial counsel to pursue the motion. *See Commonwealth v. Natividad*, 938 A.2d 310, 322 (Pa. 2007) ("A PCRA petitioner must exhibit a concerted effort to develop his ineffectiveness claim and may not rely on boilerplate allegations of ineffectiveness.").

On appeal, Appellant does not claim that the PCRA court erred in concluding the Rule 600 claim was without merit; rather, he contends that the PCRA court erred in denying him an evidentiary hearing to permit him to develop a factual basis for his claim. *See* Appellant's Brief at 8. It is well settled that "[t]here is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008). "[T]o obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact

which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." **Commonwealth v. Hanible**, 30 A.3d 426, 452 (Pa. 2011).

In concluding that Appellant was not entitled to an evidentiary hearing, the PCRA court reviewed the law that applies to Rule 600 and offered the following.

> In the instant case, [Appellant] entered his negotiated guilty plea 605 days after his arrest. However, the vast majority of the delay was due to defense motions for continuances or difficulties in court scheduling. None of the delays can be properly attributed to the Commonwealth. When all excludable and excusable time is considered, [Appellant] was brought to trial well within 365 days of arrest.

PCRA Court Opinion, 4/12/2018, at 4. We recognize that this analysis of Appellant's Rule 600 claim is sparse and borderline inadequate. However, on appeal, Appellant has not presented any argument whatsoever to refute the PCRA court's conclusions.[9] **See Commonwealth v. Watkins**, 108 A.3d 692, 735 (Pa. 2014) (concluding that if an appellant makes no attempt to identify specifically the "legitimate material factual disputes" that he alleges warranted a hearing, as well as develop relevant argument, his "claim of PCRA court procedural error cannot succeed"); **see also Commonwealth v. Jones**, 912 A.2d 268, 290 (Pa. 2006) (rejecting Jones' assertion that his

---

[9] The Commonwealth provided a different, and slightly more detailed analysis of the Rule 600 claim in concluding that the claim was without merit. **See** Commonwealth's Brief at 8-9. Appellant did not file a reply brief.

other claims warranted a hearing when he failed both to identify and argue with specificity what factual issues remained in contention).

Based on the foregoing, without any argument from Appellant setting forth any facts at all, we cannot conclude that the PCRA court's denial of an evidentiary hearing was an abuse of discretion. **See Hanible**, 30 A.3d at 452-53 (concluding that "[a]ppellant has failed to satisfy [his] burden as his reliance on speculation, and failure to assert facts, which, if believed, would support his claim cannot be equated with a genuine issue concerning a material fact that warrants an evidentiary hearing"). Accordingly, Appellant is not entitled to relief.

Order affirmed.

Judge Platt did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 2/22/19