J-S07043-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :           PENNSYLVANIA
  :
        v.                     :
  :
  :
MATTHEW JOHN SHEFFER       :
  :
        Appellant         :   No. 965 MDA 2023

Appeal from the PCRA Order Entered June 8, 2023
In the Court of Common Pleas of Centre County Criminal Division at
No(s):  CP-14-CR-0000205-2017

BEFORE:   LAZARUS, P.J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:             **FILED OCTOBER 17, 2024**

Appellant, Matthew John Sheffer, appeals from the order of the Court of Common Pleas of Centre County that denied his timely first petition filed under the Post Conviction Relief Act (PCRA).[1]  After careful review, we affirm.

This case arises out of Appellant's sexual abuse of his former girlfriend's 11-year-old daughter (Victim).  Victim and her mother lived in Maine when Appellant, who lived in Pennsylvania, first met Victim's mother online.  Victim's mother did not live with Victim's father, who had physically abused her, and Victim's mother obtained a protection from abuse (PFA) order against Victim's father in 2012.  Appellant moved to Maine to live with Victim's mother and

---

[*] Retired Senior Judge assigned to the Superior Court.

[1]  42 Pa.C.S. §§ 9541-9546.

Victim in February 2013. Victim's mother sought and obtained full custody of Victim, after which Victim's mother, Appellant, and Victim moved to Centre County, Pennsylvania, in 2014. The assaults occurred between December 2015 and April 2016, when Appellant moved out of the house. Victim first reported the assaults in the summer of 2016, when she was visiting her father in Maine.

On January 24, 2017, Appellant was charged with rape of a child and other sexual offenses for sexually abusing Victim. A jury trial of these charges began on August 15, 2018 and ended in a hung jury, and a second trial in October 2018 also ended in a hung jury. A third jury trial began on February 13, 2019. Appellant testified at all three trials, denied that he engaged in any sexual conduct with Victim, and argued that Victim was urged by her father to make false accusations against Appellant. On February 15, 2019, the jury in the third trial convicted Appellant of all charges. On May 3, 2019, the trial court sentenced Appellant to an aggregate 20 to 40 years' imprisonment. Appellant filed a post-sentence motion in which he sought, *inter alia*, a new trial on the ground that the verdict was against the weight of the evidence, and the trial court denied that motion.

Appellant filed a timely appeal from his judgment of sentence in which he challenged a number of the trial court's evidentiary rulings and argued that the jury verdict was against the weight of the evidence. ***Commonwealth v. Sheffer***, No. 1501 MDA 2019, slip op. at 5, 22 (Pa. Super. September 25,

2020).  On September 25, 2020, this Court affirmed Appellant's judgment of sentence.  *Id.* at 1, 26.  Appellant filed a petition for allowance of appeal, which the Pennsylvania Supreme Court denied on August 10, 2021. *Commonwealth v. Sheffer*, 260 A.3d 919 (Pa. 2021).

Appellant filed the instant timely first PCRA petition on October 28, 2021, in which he asserted various claims of ineffectiveness of counsel at both the trial court and appellate levels.  Following the appointment of PCRA counsel to represent Appellant, the PCRA court held a hearing on Appellant's PCRA petition on May 17, 2022, at which both an attorney who represented Appellant prior to his first trial and the attorney who represented him at all three trials and on appeal testified.  On June 8, 2023, the PCRA court denied Appellant's PCRA petition in its entirety.  PCRA Court Order, 6/8/23.  This timely appeal followed.

In this Court, Appellant argues that the PCRA court erred in denying the following four of his PCRA claims: (1) that his counsel were ineffective for failing to file a motion to dismiss the charges pursuant to Pa.R.Crim.P. 600 prior to his first trial, (2) that his trial and appellate counsel was ineffective for failing to challenge the sufficiency of the evidence in his direct appeal, (3) that this counsel was ineffective for failing to object to alleged misconduct by the prosecutor in his cross-examination of him and closing arguments, and (4) that this counsel was ineffective for failing to request that a juror be excused for cause.

Our review of an order denying a PCRA petition is limited to determining whether the record supports the PCRA court's findings and whether its decision is free of legal error. *Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015); *Commonwealth v. Maddrey*, 205 A.3d 323, 327 (Pa. Super. 2019); *Commonwealth v. Orlando*, 156 A.3d 1274, 1280 (Pa. Super. 2017). We must view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party. *Mason*, 130 A.3d at 617; *Commonwealth v. Mojica*, 242 A.3d 949, 953 (Pa. Super. 2020); *Maddrey*, 205 A.3d at 327. The PCRA court's credibility determinations, if supported by the record, are binding on this Court. *Mason*, 130 A.3d at 617; *Mojica*, 242 A.3d at 953, 956; *Orlando*, 156 A.3d at 1280.

All of Appellant's issues involve claims that his pretrial counsel or his trial and appellate counsel was ineffective. To be entitled to relief on a claim of ineffective assistance of counsel, the defendant must prove: 1) that the underlying claim is of arguable merit; 2) that counsel had no reasonable basis for her action or inaction; and 3) that he suffered prejudice as a result of counsel's action or inaction. *Mason*, 130 A.3d at 618; *Commonwealth v. Ligon*, 206 A.3d 515, 519 (Pa. Super. 2019); *Maddrey*, 205 A.3d at 327. The defendant must satisfy all three prongs of this test to obtain relief under the PCRA. *Mason*, 130 A.3d at 618; *Mojica*, 242 A.3d at 955; *Commonwealth v. Smith*, 181 A.3d 1168, 1175 (Pa. Super. 2018).

- 4 -

With respect to Appellant's first issue, the PCRA court found that this claim of ineffectiveness of counsel failed because the Rule 600 motion that Appellant contends that counsel should have filed lacked arguable merit. PCRA Court Opinion, 6/8/23, at 3-4. That finding is supported by the record.

Rule 600 requires that the Commonwealth bring a defendant to trial within 365 days from the date on which the criminal complaint was filed. Pa.R.Crim.P. 600(A)(2)(a); ***Commonwealth v. Barbour***, 189 A.3d 944, 947 (Pa. 2018); ***Commonwealth v. Dixon***, 140 A.3d 718, 722 (Pa. Super. 2016). Rule 600 provides that in determining whether the 365-day period has expired, "periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence" and that "[a]ny other periods of delay shall be excluded from the computation." Pa.R.Crim.P. 600(C)(1). Delays caused by the defendant do not count toward Rule 600's 365-day limit for bringing a defendant to trial. Pa.R.Crim.P. 600, cmt.; ***Barbour***, 189 A.3d at 955-56, 958; ***Maddrey***, 205 A.3d at 327. Because Appellant is asserting a claim of ineffectiveness of counsel for failure to file a Rule 600 motion, the burden is on Appellant to prove that he was not brought to trial within 365 days that are chargeable to the Commonwealth under Rule 600. ***Maddrey***, 205 A.3d at 328.

The criminal complaint against Appellant was filed on January 24, 2017, and Appellant's first trial began on August 15, 2018, 568 days after the

criminal complaint was filed. The record, however, shows that most of this delay was the result of continuances sought by Appellant. 5/26/17 Motion for Trial Postponement; Trial Court Order, 8/10/17; 11/14/17 Motion for Trial Postponement; Trial Court Order, 2/6/18; Trial Court Order, 3/16/18. Counsel's testimony at the PCRA hearing, which the PCRA court found credible, showed that the Commonwealth provided discovery in March 2017 and that defense delays were requested to obtain evidence from proceedings in Maine for Appellant's defense and due to a change in counsel representing Appellant and not because of delay by the Commonwealth in providing discovery. N.T. PCRA at 6-7, 10-12, 15, 19-23, 63-64, 68; PCRA Court Opinion at 4. Of the 568 days between the criminal complaint and Appellant's August 15, 2018 trial, the record shows that the only periods of delay not caused by Appellant were the period from January 24, 2017 to Appellant's first continuance request and delays caused by continuances ordered by the court for scheduling reasons in October 2017 and July 2018. Trial Court Order, 10/4/17; Trial Court Order, 7/6/18. Those three periods of time total at most 243 days, well within Rule 600's 365-day limit.

Appellant argues that the Commonwealth did not turn over certain items of evidence to Appellant until shortly before trial and that under **Commonwealth v. Harth**, 252 A.3d 600 (Pa. 2021), almost all of the 568 days before trial must therefore be included in the Rule 600 calculation because the Commonwealth did not act with due diligence. We do not agree.

*Harth* holds that time attributable to judicial delay cannot be excluded where the Commonwealth has not demonstrated that it acted with due diligence in prosecuting the case, 252 A.3d at 603, 617-19, not that delays caused by the defendant cannot be excluded because there was other unrelated Commonwealth lack of diligence. Appellant did not show that the delays that he sought were caused by failure to produce these items of evidence earlier.

Because the delays caused by Appellant must be excluded in applying Rule 600, Pa.R.Crim.P. 600, cmt.; *Barbour*, 189 A.3d at 955-56, 958; *Maddrey*, 205 A.3d at 327, Appellant's August 15, 2018 trial was within Rule 600's 365-day limit. Any Rule 600 motion therefore would have lacked merit, and the PCRA court correctly concluded that neither of Appellant's counsel was ineffective for failing to file such a motion.

The PCRA court rejected Appellant's second PCRA claim in this appeal on the ground that the insufficiency of the evidence issue that is the subject of this PCRA claim was really a weight of the evidence claim and therefore failed because Appellant's counsel raised and argued a weight of the evidence challenge in Appellant's direct appeal. PCRA Court Opinion, 6/8/23, at 5. Appellant argues that this was error because his PCRA claim involved an insufficiency of the evidence claim under *Commonwealth v. Karkaria*, 625 A.2d 1167 (Pa. 1993), which was not raised on direct appeal, not a claim that the verdict was against the weight of the evidence.

Appellant is correct that his PCRA petition raised a claim that counsel was ineffective for failing to raise an insufficiency of the evidence claim under **Karkaria**. PCRA Petition at 5, 19-20. That, however, does not make this PCRA claim meritorious. To prevail on a claim of ineffectiveness of appellate counsel, the defendant must show both that the issue that counsel failed to raise had arguable merit and that there is a reasonable probability that the outcome of the appeal would have been different but for counsel's deficient performance. **Commonwealth v. Staton**, 120 A.3d 277, 294-95 (Pa. 2015); **Commonwealth v. Blakeney**, 108 A.3d 739, 749-50 (Pa. 2014).

**Karkaria**'s holding that evidence can be insufficient to support a conviction where it is so unreliable or contradictory as to make any verdict based on such evidence pure conjecture is a narrow exception to the rule that credibility determinations are for the jury. 625 A.2d at 1170. The contradictions and unreliability that made the evidence insufficient in **Karkaria** were not a mere lack of corroboration or the presence of some inconsistencies in the complainant's testimony. Rather, the complainant's testimony was found insufficient because she testified that the assaults occurred in circumstances that she admitted did not exist during the time period of the criminal charges and never existed at any time and testified only that she was assaulted years before the period to which the criminal charges related. **Id.** at 1171-72.

Victim's testimony here did not have the impossibility that made the testimony in **Karkaria** insufficient to support a conviction. Victim testified to specific sexual assaults on which the charges were based and did not testify that the circumstances of those assaults were physically impossible or could not have existed. N.T. Trial, 2/13/19, at 66-74, 77-84, 102-03. While no other witness testified that the sexual assaults occurred and there was no physical evidence corroborating Victim's testimony, that does not make her testimony insufficient to support Appellant's convictions, as the uncorroborated testimony of the victim is sufficient to support a sexual offense conviction. 18 Pa.C.S. § 3106; **Commonwealth v. Banniger**, 303 A.3d 1085, 1091 (Pa. Super. 2023); **Commonwealth v. Owens**, 649 A.2d 129, 133 (Pa. Super. 1994). The PCRA court's denial of this claim for relief was therefore proper because Appellant failed to show that there was a reasonable probability that the outcome of his direct appeal would have been different if a sufficiency of the evidence argument had been asserted.[2]

In his third issue, Appellant argues that the PCRA court erred in denying his claim that counsel was ineffective for failing to object to the prosecutor's allegedly improper statements in cross-examination and closing argument.

---

[2] While the reason for our conclusion that this claim was properly denied differs from the PCRA court's reason for its decision, we may affirm a lower court on any valid basis, even if those grounds are different from those on which the court based its decision. **Commonwealth v. Janda**, 14 A.3d 147, 161 n.8 (Pa. Super. 2011); **Commonwealth v. Priovolos**, 746 A.2d 621, 626 n.6 (Pa. Super. 2000).

This argument fails for two reasons, Appellant failed to show that objections to these questions and argument had arguable merit and he failed to show that counsel lacked a reasonable basis for her actions.

The prosecution conduct on which this ineffectiveness claim is primarily based consisted of assertions in cross-examination and closing argument that Appellant had testified at his prior trials that accusations that he had sexually abused Victim were investigated in Maine and found unsupported. N.T. Trial, 2/14/19, at 142-46; N.T. Trial, 2/15/19, at 48-49. Contrary to Appellant's assertion, the prosecutor's characterization of Appellant's prior testimony was not improper. Appellant testified at his first trial:

> Q. Are you aware of what happened at any of [the PFA proceedings]?
>
> A. Yes, at one of the one of those proceedings [Victim's father] made the allegation that he was informed by [Victim] that I sexually assaulted and molested his daughter.
>
> Q. And what happened?
>
> A. Well they were proven to be false because I was never alone with [Victim], you know between working and [Victim's mother] and her babysitting schedule.
>
> Q. So did you have criminal charges for that?
>
> A. No criminal charges or anything were pressed. It was pretty much unfounded.
>
> Q. Did the courts do anything about that?
>
> A. No. We eventually wind up getting a guardian ad litem over the whole thing because he, you know, guardian ad litems are for the interest of the child.

N.T. Trial, 8/15/18, at 145-46. Although Appellant did not use the word "investigation" in that testimony, the reference to the claims being "proven to be false" and being "unfounded" could reasonably be characterized as implying some kind of official inquiry. Moreover, the prosecutor made clear in his cross-examination that his use of the term "investigation" was based on that testimony, as he specifically quoted that testimony as the basis for his questions. N.T. Trial, 2/14/19, at 143-44. In addition, Appellant testified in his second trial that the guardian ad litem in the custody proceeding questioned him on whether he had ever molested or inappropriately touched Victim. N.T. Trial, 10/23/18, at 123.

Nor was the prosecutor's closing argument on this issue objectionable. Prosecutors are entitled to present their arguments with reasonable latitude and with logical force and vigor. *Commonwealth v. Epps*, 240 A.3d 640, 646 (Pa. Super. 2020); *Ligon*, 206 A.3d at 520. Referring to the above prior testimony as claiming that sexual abuse allegations had been investigated and that they were found to be false and that he was exonerated, N.T. Trial, 2/15/19, at 48-49, is proper comment on the evidence.

The other prosecution conduct that Appellant claims was improper was the cross-examination of Appellant concerning the timing of Victim's mother's PFA order. N.T. Trial, 2/14/19, at 151-54. This cross-examination was also unobjectionable. In these questions, the prosecutor correctly stated the date

of the PFA order and that Appellant had not moved to Maine at that time. **_Id._** at 153-54.

In any event, the record showed that counsel had a reasonable basis for not objecting. Counsel who represented Appellant at all three of his trials testified at the PCRA hearing that none of this conduct constituted prosecutorial misconduct and that she feels that it is strategically better not to object to every possible objectionable question or statement because frequent objections tend to cause the jury to believe that the objector is trying to hide something and because the objection can draw more attention to the unfavorable testimony or statement. N.T. PCRA at 47, 52-53. The trial record shows that counsel in fact dealt with the prosecutor's characterizations by redirect examination of Appellant in which she brought out that Appellant had never said that there was a formal investigation of the sexual abuse allegations in Maine. N.T. Trial, 2/14/19, at 167-69.

Appellant's fourth and final issue challenges the denial of his claim that counsel was ineffective for failing to move to excuse a juror who revealed during trial that she knew one of the Commonwealth's witnesses. This argument fails because a motion to excuse the juror would not have been successful.

The juror in question, Juror No. 1, notified the trial court at the close of the Commonwealth's case that she knew Commonwealth witness Dr. Kristie Kaufman, the doctor who performed a physical examination of Victim after

Victim reported the sexual assaults. N.T. Trial, 2/14/19, at 85-86. Juror No. 1 testified that Dr. Kaufman had been the pediatrician for her daughter, who has a rare genetic disorder, for four years. *Id.* at 86-87. Juror No. 1 testified that Dr. Kaufman was also a member of her church, but that "we don't see [Dr. Kaufman] very often in church" and that Dr. Kaufman "is not there very often." *Id.* at 86. Juror No. 1 also testified that the fact that Dr. Kaufman was her daughter's pediatrician and that she knew Dr. Kaufman would not affect her ability to render a fair verdict and that she would not be more likely to believe Dr. Kaufman as opposed to any other witness. *Id.* at 87-88.

A trial court must grant a motion to excuse a juror for cause in two types of situations: (1) where the juror has such a close familial, financial, or situational relationship with a party, counsel, victim, or witness that a likelihood of prejudice must be presumed; or, alternatively, (2) where the juror's conduct or answers to questions demonstrate a likelihood of prejudice. *Shinal v. Toms*, 162 A.3d 429, 440-41 (Pa. 2017); *Commonwealth v. Kelly*, 134 A.3d 59, 61-62 (Pa. Super. 2016); *Commonwealth v. Colon*, 299 A.2d 326, 327 (Pa. Super. 1972). Here, Juror No. 1's answers did not demonstrate any likelihood of prejudice, as she testified unequivocally that she would be unaffected by the fact that she knew Dr. Kauffman and would be no more likely to believe Dr. Kauffman than any other witness.

The only basis for her removal from the jury would be if her relationship to Dr. Kauffman required a presumption of prejudice. Not all relationships

between a juror and the parties, counsel, victims, or witnesses are sufficiently close to create a presumption of prejudice. *Shinal*, 162 A.3d at 443. The mere fact that the juror knows or has some ties to one or more of the parties, counsel, victim, and witnesses is not sufficient by itself to disqualify a juror. *Id.* at 443, 447-50 (employment relationship with non-party that was an affiliate of a defendant was insufficient by itself to create a presumption of prejudice); *Commonwealth v. Colson*, 490 A.2d 811, 818-19 (Pa. 1985) (fact that prospective juror had known victim's mother in the past and was acquainted with a witness and with the wife of the prosecuting state trooper did not require disqualification), *abrogated on other issue by Commonwealth v. Burke,* 781 A.2d 1136 (Pa. 2001); *Commonwealth v. Banks*, 677 A.2d 335, 342 (Pa. Super. 1996) (exclusion of juror based on fact that defense counsel had represented her a few years earlier was error where juror testified that it would not affect her ability to be impartial); *Commonwealth v. Bright*, 420 A.2d 714, 716 (Pa. Super. 1980) (fact that prospective juror lived in the same neighborhood as prosecuting attorney, had known him since he was a boy, and "liked him" did not require disqualification).

Where the physician is a party to the case, a doctor-patient relationship between a juror or her immediate family member and the physician is sufficiently close to presume prejudice. *Cordes v. Associates of Internal Medicine*, 87 A.3d 829, 841-43, 867-69 (Pa. Super. 2014) (trial court was

required to exclude jurors whose family members were patients of doctor who was defendant in a malpractice action). A juror's status as a patient of a doctor whose relationship to the case is less central, however, does not create a presumption of prejudice. ***Commonwealth v. Blasioli***, 685 A.2d 151, 158-59 (Pa. Super. 1996) (no presumed prejudice where prosecutor's wife was juror's family doctor), ***aff'd***, 713 A.2d 1117 (Pa. 1998). Dr. Kauffman was not a party or a victim in this case and her testimony was not central to the Commonwealth's case. The matter as to which Dr. Kauffman testified was the examination of Victim, and Dr. Kauffman testified that she found no signs of abuse. N.T. Trial, 2/14/19, at 52-53, 59-61. Although Dr. Kauffman also testified that abnormalities typically heal within a month after the sexual activity ends, she testified that she could not conclude that Victim had been sexually abused or that Victim had not been sexually abused. ***Id.*** at 54-55, 60-61. Appellant did not challenge Dr. Kauffman's credibility or call any witness to offer testimony that disputed any part of Dr. Kauffman's testimony. Indeed, it was Appellant, not the Commonwealth, who called Dr. Kauffman as a witness in his first trial. N.T. Trial, 8/16/18, at 4-12.

Given that Dr. Kauffman's testimony neither supported nor negated the Commonwealth's case, the mere fact that Juror No. 1's daughter was her patient for a condition entirely different from Dr. Kauffman's examination and testimony is not sufficient to create any appearance of partiality or presumption of prejudice. Appellant therefore cannot show prejudice because

the motion that he contends that counsel should have filed would not have resulted in Juror No. 1's exclusion from the jury.

For the foregoing reasons, we conclude that none of Appellant's issues merits relief. We therefore affirm the PCRA court's decision denying Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/17/2024