J-S02038-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM LEWIS | : | |
| | : | |
| Appellant | : | No. 1724 EDA 2020 |

Appeal from the PCRA Order Entered August 25, 2020
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0001072-2000

BEFORE: BENDER, P.J.E., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:                              **FILED MAY 18, 2021**

Appellant William Lewis appeals from the order denying, without an evidentiary hearing, his first Post Conviction Relief Act[1] (PCRA) petition. Appellant raises several claims of trial counsel's ineffectiveness.  We affirm in part, vacate in part, and remand for further proceedings, as set forth below.

We adopt the PCRA court's facts and procedural history.  ***See*** PCRA Ct. Op., 10/21/20, at 1-2; Pa.R.Crim.P. 907 Notice, 7/20/20, at 2 n.4.  Briefly, Appellant was charged with twelve counts of robbery and related offenses stemming from the robbery of a grocery store in 2000.  Crim. Compl., 1/14/00.  On October 5, 2015, the jury convicted Appellant of the above offenses.  Pa.R.Crim.P. 907 Notice at 2 n.4; ***accord Commonwealth v.***

---

[1] 42 Pa.C.S. §§ 9541-9546.

*Lewis*, 3825 EDA 2016, 2017 WL 6462423, at *1 (Pa. Super. filed Dec. 19, 2017) (unpublished mem.). The trial court ultimately sentenced Appellant to an aggregate sentence of twenty-eight-and-a-half to seventy years' imprisonment. Order, 10/12/16.

Appellant appealed to this Court, which affirmed. *Lewis*, 2017 WL 6462423, at *1. Appellant did not file a petition for allowance of appeal with our Supreme Court.

On August 1, 2018, Appellant timely filed a *pro se* first PCRA petition. PCRA Pet., 8/1/18. The PCRA court appointed counsel, who filed an amended PCRA petition on April 29, 2019. *Id.* Am. PCRA Pet., 4/29/19.

On July 20, 2020, the PCRA court issued a Rule 907 notice stating that Appellant's issues lacked merit. Pa.R.Crim.P. 907 Notice at 1. Appellant did not file a response, and on August 25, 2020, the PCRA court denied Appellant's PCRA petition. Order, 8/25/20.

Appellant timely appealed and timely filed a court-ordered Pa.R.A.P. 1925(b) statement. The PCRA court filed a responsive opinion, which also incorporated its Rule 907 notice by reference.

Appellant raises the following issues, which we reordered to facilitate disposition:

1. The PCRA court [erred] when it denied Appellant an evidentiary hearing and post-conviction relief on his claim that trial counsel was ineffective for failing to request necessary jury instructions, and object to improper jury instructions.

2. The PCRA court [erred] when it denied Appellant an evidentiary hearing and post-conviction relief on his claim that trial counsel was ineffective for failing to object to inadmissible evidence (incarceration).

3. The PCRA court [erred] when it denied Appellant an evidentiary hearing and post-conviction relief on his claim that trial counsel was ineffective for failing to impeach witnesses for the Commonwealth with available impeachment evidence, and to exploit the use of leniency agreements.

4. The PCRA court [erred] when it denied Appellant an evidentiary hearing and post-conviction relief on his claim that trial counsel was ineffective during plea negotiations.

Appellant's Brief at 8 (formatting altered).

We briefly summarize Appellant's arguments for his initial three issues together. In support of his first issue, Appellant asserts trial counsel was ineffective by failing to request several jury instructions and object to a jury charge defining reasonable doubt. *Id.* at 25-26. In support of his second issue, Appellant claims trial counsel was ineffective by failing to object to multiple references of his incarceration. *Id.* at 29-31. Appellant disagrees with the trial court's reasoning that those references were harmless error. *Id.* at 32. For his third issue, Appellant contends that trial counsel was ineffective by failing to impeach two Commonwealth witnesses, specifically James Sadler and Edward Davis, with their prior criminal records and plea agreements. *Id.* at 22, 24.

Our standard of review follows:

[O]ur standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal

error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

Furthermore, to establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The burden is on the defendant to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

We have explained that a claim has arguable merit where the factual averments, if accurate, could establish cause for relief. Whether the facts rise to the level of arguable merit is a legal determination.

The test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success. Counsel's decisions will be considered reasonable if they effectuated his client's interests. We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken.

Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective. Moreover, a failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043-44 (Pa. Super. 2019) (citations omitted and formatting altered), *appeal denied*, 216 A.3d 1029 (Pa. 2019).

Further, it is well settled that

[t]here is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary. To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

*Commonwealth v. Maddrey*, 205 A.3d 323, 328 (Pa. Super. 2019) (citations and quotation marks omitted), *appeal denied*, 218 A.3d 380 (Pa. 2019). We add that our Supreme Court has explained that "although generally no reference may be made at trial in a criminal case to a defendant's arrest or incarceration for a previous crime, there is no rule in Pennsylvania which prohibits reference to a defendant's incarceration awaiting trial or arrest for the crimes charged." *Commonwealth v. Johnson*, 838 A.2d 663, 680 (Pa. 2003) (citations omitted); *accord Commonwealth v. Horne*, 89 A.3d 277, 284 (Pa. Super. 2014).

Following our review of the record, the parties' briefs, and the conclusions of the PCRA court, we affirm Appellant's initial three issues on the basis of the PCRA court's opinion. *See* PCRA Ct. Op. at 1; Pa.R.Crim.P. 907

Notice, at 2 n.4.[2] Specifically, for Appellant's first claim, we agree with the PCRA court's reasoning that the requested jury instructions were not justified by the record and the trial court did not misstate the Commonwealth's burden of proof. **See** Pa.R.Crim.P. 907 Notice at 2 n.4. In any event, we must reject Appellant's boilerplate allegation of prejudice. **See Sandusky**, 203 A.3d at 1044. With respect to Appellant's second claim, we agree with the PCRA court that in context, the references to Appellant's pre-arrest incarceration due to his pending trial on the underlying crimes merit no relief. **See** Pa.R.Crim.P. 907 Notice at 2 n.4; **Johnson**, 838 A.2d at 680.

As for Appellant's third claim, the PCRA court accurately notes that Appellant failed to identify the portion of Sadler's testimony, which spanned over a hundred pages, that trial counsel should have impeached. **See** Pa.R.Crim.P. 907 Notice at 2 n.4. The PCRA court, however, also held that Sadler's testimony was not adverse to Appellant. **See id.** After thorough review of Sadler's and Davis's testimony, we agree with the PCRA court that their testimony established either that Appellant was not present at the scene or that he was not involved. **See, e.g.**, N.T. Trial, 10/1/15, at 162 (Sadler testifying that Appellant was not involved); N.T. Trial, 9/30/15, at 180 (Davis

---

[2] We note that the PCRA court held that Appellant had waived his issues due to a vague Rule 1925(b) statement, but nonetheless incorporated the reasoning in its Rule 907 notice, which held those same issues lacked merit. PCRA Ct. Op. at 1. Because the PCRA court addressed Appellant's issues on the merits, we decline to find Rule 1925(b) waiver.

denying Appellant's presence at robberies). We cannot conclude that trial counsel's inaction, *i.e.*, his decision to not impeach Sadler or Davis, was unreasonable. **See Sandusky**, 203 A.3d at 1043-44.

In support of his fourth issue, Appellant argues that trial counsel was ineffective "by failing to advise him on the impact of his prior record score at sentencing, the applicable sentencing guidelines, and the statutory" maximum sentences. Appellant's Brief at 17. Appellant reasons that but for trial counsel's ineffectiveness in not discussing the above, he would have accepted one of the Commonwealth's two plea offers. **Id.**

In **Commonwealth v. Steckley**, 128 A.3d 826 (Pa. Super. 2015), this Court discussed **Lafler v. Cooper**, 566 U.S. 156 (2012), which

> explained that a post-conviction petitioner seeking relief on the basis that ineffective assistance of counsel caused him or her to reject a guilty plea must demonstrate the following circumstance:
>
> > But for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

**Steckley**, 128 A.3d at 832 (citation omitted and formatting altered). This Court has held that counsel is ineffective by failing to notify the defendant of the potential sentencing exposure when conveying a plea offer. **See id.** at 832 n.2.

Additionally, in **Commonwealth v. Colavita**, 993 A.2d 874 (Pa. 2010), our Supreme Court announced that as "a general rule, a lawyer should not be held ineffective without first having an opportunity to address the accusation in some fashion." **Colavita**, 993 A.2d at 895. Our Supreme Court has made "clear this Court's strong preference that counsel be heard from before being found ineffective." **Id.**

Initially, we agree with the PCRA court that Appellant has the burden of including "evidence of either of the Commonwealth's purported plea offers." **See** Pa.R.Crim.P. 907 Notice at 2 n.4; **Steckley**, 128 A.3d at 832. Plea offers, however, may be communicated verbally by the Commonwealth and therefore may not necessarily be documented in the record. Our review of the record does not definitively verify the non-existence of any of the two plea offers at issue. **See, e.g.**, Appellant's Brief at 19 (referencing offers made on and before the first day of trial); **cf.** N.T. Trial, 10/2/15, at 193 (referencing "another offer" that had been given previously but without discussing any details). Therefore, we cannot definitively hold that no genuine issue of material fact exists such that the PCRA court properly denied Appellant's request for an evidentiary hearing. **See Maddrey**, 205 A.3d at 328. For this reason, we are constrained not to agree with the PCRA court's holding that Appellant would have presumptively rejected any plea bargain given his defense strategy. **See Steckley**, 128 A.3d at 832. Under the unique circumstances of this case, and out of an abundance of caution, it is prudent

to remand for an evidentiary hearing only on this issue at which Appellant, his trial counsel, and counsel for the Commonwealth may testify, as well as any other witnesses the PCRA court deems appropriate. *See Colavita*, 993 A.2d at 895.

In sum, we affirm the PCRA court's order with respect to Appellant's first three issues, vacate the PCRA court's order with respect to the plea offer claim, and remand for an evidentiary hearing limited to that issue as set forth above. *See Maddrey*, 205 A.3d at 328; *Sandusky*, 203 A.3d at 1043-44.

Order affirmed in part and vacated in part. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/18/2021