J-S13020-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| | : | |
| MARTIN ROUSE | : | |
| | : | |
| Appellant | : | |
| | : | No. 1392 EDA 2022 |

Appeal from the PCRA Order Entered May 12, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No: CP-51-CR-0012569-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| | : | |
| MARTIN ROUSE | : | |
| | : | |
| Appellant | : | |
| | : | No. 1393 EDA 2022 |

Appeal from the PCRA Order Entered May 12, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No: CP-51-CR-0012570-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| | : | |
| MARTIN ROUSE | : | |
| | : | |
| Appellant | : | |
| | : | No. 1394 EDA 2022 |

Appeal from the PCRA Order Entered May 12, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No: CP-51-CR-0012571-2015

J-S13020-23

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
  : PENNSYLVANIA
  v. :
  :
  :
  :
MARTIN ROUSE :
  :
  Appellant :
  No. 1395 EDA 2022

Appeal from the PCRA Order Entered May 12, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No: CP-51-CR-0012572-2015

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
  : PENNSYLVANIA
  v. :
  :
  :
  :
MARTIN ROUSE :
  :
  Appellant :
  : No. 1396 EDA 2022

Appeal from the PCRA Order Entered May 12, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No: CP-51-CR-0012573-2015

BEFORE: NICHOLS, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.: **FILED MAY 12, 2023**

Martin Rouse (Appellant) appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-46. We affirm.

---

[*] Former Justice specially assigned to the Superior Court.

- 2 -

CASE HISTORY

Between November 2009 and March 2013, Appellant and two co-conspirators, Curtis Smith (Smith) and Dennis Holloman (Holloman), committed a series of armed robberies and burglaries in Philadelphia.

> On May 23, 2014, Philadelphia police arrested Appellant and charged him with numerous offenses at docket numbers CP-51-CR-0012569-2015 (Docket 12569), CP-51-CR-0012570-2015 (Docket 12570), CP-51-CR-0012571-2015 (Docket 12571), CP-51-CR-0012572-2015 (Docket 12572), and CP-51-CR-0012573-2015 (Docket 12573). On December 11, 2017, the trial court granted the Commonwealth's motion to consolidate Appellant's cases.
>
> The charges against Appellant and Holloman proceeded to a week and a half-long joint jury trial commencing March 5, 2018. Smith testified as a Commonwealth witness, but denied remembering anything about the statement he gave police or his guilty pleas. Holloman testified in his defense, disavowing the statements he gave to police because, he maintained, the statements were made under duress and the police detectives' coercion. Appellant did not testify, but presented one exhibit. On March 14, 2018, the jury found Appellant guilty of numerous offenses.

***Commonwealth v. Rouse***, 237 A.3d 493 (Pa. Super. May 28, 2020) (unpublished memorandum at *1) (footnotes omitted).

The jury convicted Appellant of three counts of theft by unlawful taking (Dockets 12570, 12572, 12573); two counts of robbery (Dockets 12569, 12571), conspiracy to commit robbery (Dockets 12572, 12573), receiving stolen property (Dockets 12569, 12571), and conspiracy to commit receiving stolen property (Dockets 12569, 12571); and one count of burglary (Docket 12570), conspiracy to commit burglary (Docket 12570), and firearms not to be carried without a license (Docket 12573).

- 3 -

Appellant timely appealed, and this Court affirmed his convictions. However, we remanded for resentencing because the probationary sentences for theft by unlawful taking should have merged with the robbery sentences. *Id.* at 6-7.

On February 22, 2021, the trial court resentenced Appellant to an aggregate 8 — 16 years of incarceration. Appellant filed a *pro se* PCRA petition on March 1, 2021. Counsel entered his appearance for Appellant and filed an amended petition on October 13, 2021. The Commonwealth filed a motion to dismiss the petition without a hearing. The PCRA court, after "reviewing the petitions, the Commonwealth's motion, and all relevant matters of record … determined that Appellant's claims were meritless, did not raise any issue of material fact, and did not warrant an evidentiary hearing." PCRA Court Opinion, 8/1/22, at 5. On April 7, 2022, the PCRA court issued notice of intent to dismiss the petition pursuant to Pa.R.Crim.P. 907. The PCRA court dismissed the petition on May 12, 2022. Appellant timely filed notices of appeal at each docket. This Court consolidated the cases *sua sponte*.

## ISSUES

Appellant timely filed a court-ordered Pa.R.A.P. 1925(b) statement. He presents the following issues for review:

> I. Whether the Court erred in denying the Appellant's PCRA petition without an evidentiary hearing on the issues raised in the Amended PCRA petition?
>
> II. Whether Trial Counsel was ineffective for failing to file a motion to reconsider sentence?

- 4 -

III. Whether Appellant is entitled to a new trial based on newly discovered evidence?

IV. Whether Appellant's conviction should be reversed due to a change in the law regarding hearsay being admitted at the preliminary hearing?

V. Whether Appellant's conviction should be reversed due to a change in the law regarding Appellant's Rule 600 motion?

Appellant's Brief at 8.

In his first issue, Appellant argues the PCRA court erroneously dismissed his petition without conducting a hearing. Appellant's Brief at 17-19. Appellant claims he was entitled to a hearing to prove facts which "most certainly, if proven true, would entitle the Appellant to relief." *Id.* at 17. Notably, Appellant does not identify the facts or develop this claim beyond his conclusory statement. *See id.* at 17-19.

In his second issue, Appellant argues his trial counsel "was ineffective for failing to [file] a post sentencing motion to reconsider sentence." *Id.* at 20. Appellant claims the error caused the Superior Court to find waiver, and "deprived Appellant of arguing the harsh sentence he received." *Id.* at 17.

In his third issue, Appellant argues he is entitled to relief due to "evidence regarding misconduct of police officers …." *Id.* Appellant states that his current counsel "received a Notice from the District Attorney's Office disclosing that two police officers who were originally involved in Appellant's investigation had been identified as officers who **may** have engaged in misconduct." *Id.* at 22 (emphasis added). Appellant contends: "Multiple

police officers and detectives gave testimony inconsistent with prior records and other witness' testimony. Therefore, the fact that there were officers involved in Appellant's investigation who have officially been punished for making false statements, disclosing classified information, and threatening violence on people of color, is crucial information to Appellant's defense." *Id.* at 23.

In his fourth and fifth issues, Appellant asserts he is entitled to relief because of changes in the law regarding 1) hearsay evidence admitted at preliminary hearings; and 2) Rule 600 motions. Appellant does not address retroactivity. Regarding hearsay, Appellant cites ***Commonwealth v. McClelland***, 233 A.3d 717 (Pa. 2020) (holding hearsay evidence alone is not sufficient to establish a *prima facie* case at a preliminary hearing). However, Appellant fails to expand on his claim that ***McClelland*** "conflicts with the assessment made by the court at the Preliminary Hearing" in 2015. *Id.* at 25. As to Rule 600, Appellant relies on ***Commonwealth v. Harth***, 252 A.3d 600 (Pa. 2021) (holding trial court may invoke "judicial delay" to deny a defendant's Rule 600 motion only after the Commonwealth has demonstrated it complied with due diligence requirements throughout the case). Although Appellant recites case law, *id.* at 25-27, his argument is based on his general assertion that "the Commonwealth did not exercise due diligence." *Id.* at 28.

In response to Appellant's arguments, the Commonwealth counters that the PCRA court properly dismissed Appellant's petition given the "various

undeveloped allegations regarding ineffective assistance of trial counsel, after-discovered evidence, speedy trial, and hearsay at the preliminary hearing." Commonwealth Brief at 5 (stating Appellant's "claims are meritless for the reasons explained in the PCRA court's opinion.").

### APPELLATE REVIEW

We review the denial of PCRA relief "to determine whether the ruling of the PCRA court is supported by the record and free of legal error." **Commonwealth v. Wharton**, 263 A.3d 561, 567 (Pa. 2021) (citation omitted). We have explained:

> There is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary. To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that that court otherwise abused its discretion in denying a hearing.

**Commonwealth v. Maddrey**, 205 A.3d 323, 328 (Pa. Super. 2019) (citations and quotation marks omitted).

> Furthermore, to establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The burden is on the defendant to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

* * *

- 7 -

> Boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective.

***Commonwealth v. Sandusky***, 203 A.3d 1033, 1043-44 (Pa. Super. 2019) (citations omitted). It is well-settled that counsel cannot be deemed ineffective for failing to raise a meritless claim. ***Commonwealth v. Poplawski***, 852 A.2d 323, 327 (Pa. Super. 2004) (citation omitted).

Instantly, the record and law support the PCRA court's dismissal of Appellant's petition.

### PCRA COURT OPINION

Like the Commonwealth, we conclude the PCRA court "aptly explains in its thorough opinion" why Appellant's issues do not merit relief. Commonwealth Brief at 5. The Honorable Timika R. Lane, who sat as both the trial court and PCRA court in this case, observed that "the facts of this case are troubling." PCRA Court Opinion, 8/1/22, at 9. Judge Lane capably addressed Appellant's issues before concluding that the record and law reveal "no harmful, prejudicial, or reversible errors[.]" ***Id.*** at 17. Having also reviewed the record and law, we likewise conclude that the PCRA court opinion properly disposes of Appellant's issues. Therefore, we adopt the PCRA court's August 1, 2022 opinion in affirming the denial of post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>5/12/2023</u>

**FILED**

AUG 1 2022

Appeals/Post Trial
Office of Judicial Records

**IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION – CRIMINAL SECTION**

| | | |
|---|---|---|
| **COMMONWEALTH OF PENNSYLVANIA** | : | **CP-51-CR-0012569-2015** |
| | : | **CP-51-CR-0012570-2015** |
| | : | **CP-51-CR-0012571-2015** |
| v. | : | **CP-51-CR-0012572-2015** |
| | : | **CP-51-CR-0012573-2015** |
| | : | |
| | : | **1392 EDA 2022** |
| | : | **1393 EDA 2022** |
| **MARTIN ROUSE** | : | **1394 EDA 2022** |
| | : | **1395 EDA 2022** |
| | : | **1396 EDA 2022** |

**O P I N I O N**

LANE, J.                                                    **August 1, 2022**

**OVERVIEW AND FACTS**

Martin Rouse ("Appellant") appeals from this court's order dismissing his petition filed under the Post Conviction Relief Act ("PCRA").[1] No relief is due.

On direct review, the Superior Court transcribed the relevant facts as follows:

Between November 2009 and March 2013, Appellant and two co-conspirators, Curtis Smith and Dennis Holloman,[2] perpetrated a series of armed robberies and burglaries throughout the City of Philadelphia. In 2013, Holloman gave three written statements to police, admitting to the offenses and implicating Appellant and Smith. Trial Ct. Op., 3/14/19, at 12. Smith also gave a signed statement to police in October of 2013, admitting to his participation; Smith pleaded guilty to charges against him on May 16, 2014. Id.; see also N.T., 3/9/18 at 98.

On May 23, 2014, Philadelphia police arrested Appellant and charged him with numerous offenses at docket numbers CP-51-CR-0012569-2015 (Docket 112569), CP-51-CR-0012570-2015 (Docket 12570), CP-51-CR-0012571-2015 (Docket 12571), CP-51-CR-0012572-2015 (Docket 12572), and CP-51-CR-0012573-2015

---

[1] 42 Pa.C.S.A. § 9541 *et. seq.*
[2] Appellant and Holloman were jointly tried together before a jury. Holloman was likewise found guilty of robbery and related offenses. On direct appeal, this Court affirmed Holloman's judgment of sentence at Commonwealth v. Holloman, 3115 EDA 2018 (unpub. memo.) (Pa. Super. 2000).

1
*Commonwealth v. Rouse*

(Docket 12573).[3] On December 11, 2017, the trial court granted the Commonwealth's motion to consolidate Appellant's cases.[4]

The charges against Appellant and Holloman proceeded to a week and a half-long joint jury trial commencing March 5, 2018. Smith testified as a Commonwealth witness, but denied remembering anything about the statement he gave police or his guilty pleas. Holloman testified in his defense, disavowing the statements he gave to police because, he maintained, the statements were made under duress and the police detectives' coercion. Appellant did not testify, but presented one exhibit. On March 14, 2018, the jury found Appellant guilty of numerous offenses. The trial court summarized the evidence presented at trial as follows.

### I: Docket 12589: Stolen van

At Docket 12569, the jury found Appellant guilty of theft by receiving stolen property[5] (RSP) and conspiracy to commit theft by RSP. These charges arose from Appellant, Holloman, and Smith's theft of a van on June 27, 2011, which they used two days later in the armed robbery of a Sunoco gas station (Docket 12573). Police also determined the license plate found on the vehicle was itself stolen.

### II. Docket 12570: D&T Auto Body

At Docket 12570, Philadelphia Police determined the license plate on the van in Docket 12569 was stolen from D&T Auto Body (D&T) in Philadelphia on June 24, 2011. A surveillance video of D&T "showed two individuals wearing masks and gloves broke into the front window of the shop, went through the office area, and went to a safe in which they took a license plate from that property." N.T. 3/9/18 at 115. Furthermore, an "office chair" from D&T was found outside, "partially down the street." Id. at 28. Holloman later told police, in a signed statement, that he, "the other person [sic], and [Smith] busted the window and went inside and found the safe and put it on a chair and rolled it down the street and put it in the van." Id. at 51. DNA found on this chair matched Appellant's DNA. N.T. 3/9/18 at 75. The jury convicted Appellant of burglary,[6] conspiracy to commit burglary, and theft by unlawful taking.

### III. Docket 12571: Second stolen van

---

[3] On August 28, 2015, all charges were dismissed for lack of evidence at a preliminary hearing. On December 11, 2015, the Commonwealth re-filed the complaint and all of the charges were held for court.

[4] We note Appellant filed identical notices of appeal at every docket, each of which listed every docket number. Nevertheless, because the trial court formally consolidated the cases, Commonwealth v. Walker, 185 A.3d 969 (Pa. 2018), is not implicated. See Id. at 977 (pursuant to Pa.R.A.P. 341(a), when single order revolves issues arising on more than one lower court docket, separate notices of appeal must be filed); Commonwealth v. Creese, 216 A.3d 1142, 1144 (Pa. Super. 2019) (to comply with Walker, each notice of appeal may contain only one docket number).

[5] 18 Pa.C.S. § 3925(a).

[6] 18 Pa.C.S. §§ 3502(a)(4).

At Docket 12571, the jury found Appellant guilty of theft by RSP and conspiracy to commit theft by RSP. These charges arose from the theft of another van that was used in the robbery of a Quick Stop mini mart (Docket 12572). See Trial Ct. Op., 3/14/19 at 5.

## IV. Docket 12572: Quick Stop robbery

At Docket 12572, Appellant was charged with committing a robbery at a Quick Stop mini mart. Nancy Ann Dever testified at trial to the following: on the morning of June 19, 2011, she was working at the Quick Stop counting money from the register when three masked men entered the store. N.T. 3/6/18 at 82-84. One of the men jumped over the counter and threw Dever and her co-worker to the ground. Id. at 83-84. This man had a firearm, threatened them, and hit Dever in the head with a firearm. Id. at 83, 85-86. Meanwhile, one of the other masked men had also jumped over the counter, went into the office, and carried out a safe. Id. at 86, 89. The three men left in a white van. Id. at 90.

The Commonwealth presented a written statement Holloman gave to police, in which he admitted "he was the man who ran straight for the safe, while [Appellant] was the man who carried the gun." Trial Ct. Op. at 5 n.2.

The owner of Quick Stop, Morhaf Sheikh-Yousef, testified at trial to the following: the night before the robbery, he was at the store counting money, when Appellant, a regular customer, walked in and greeted him. N.T. 3/6/18 at 123, 128-29. Sheikh-Yousef placed the money in his safe. Id. at 130. After the robbery, he noticed that Appellant did not come to the store as often and acted "differently" when he did. Id. at 134-35. Sheikh-Yousef also watched the store's surveillance video of the robbery and identified the man who jumped over the counter and "carried the safe" as Appellant. Id. at 161. Sheikh-Yousef emphasized, "The way how he jumped, you can say 100 percent that was him . . . . Because I know the guy. I seen him a million times at the store. I seen the way how he move [sic]." Id. at 161-62.

The jury found Appellant guilty of robbery, conspiracy to commit robbery, and theft by unlawful taking.

## V. Docket 12573: Sunoco Robbery

Appellant was charged at Docket 12573 for the robbery of a Sunoco gas station. A Sunoco employee, Rosemary McKernan, testified to the following at trial: on the morning of June 29, 2011, she noticed that "a white van pulled up outside." Trial Ct. Op. at 6, citing N.T. 3/8/18 at 14. Moments later, she heard a pop, and two men, wearing ski masks and gloves, came into the store holding guns. Id. at 11, 15. The men yelled, "Don't move. Get down," and demanded to know where the safe was. Id. One man commanded McKernan to open the safe and hit her in the back of her head with his gun. Id. at 12, 18-19. The men took $4,000 and two cases of cigarettes and left in the van. Id. at 18-19.

The Commonwealth also presented a statement Curtis Smith gave to police, in which he identified Appellant as the person who commanded McKernan to open the safe. N.T. 3/9/18 at 148.

Commonwealth v. Rouse, 2282 EDA 2018, 2020 WL 2781559, at *1-4 (Pa. Super. Ct. May 28, 2020).

## PROCEDURAL HISTORY

After a week and a half long jury trial, on March 14, 2018, Appellant was found guilty of two counts of robbery, two counts of conspiracy to commit robbery, two counts of receiving stolen property, two counts of conspiracy to commit receiving stolen property, one count of burglary, one count of conspiracy to commit burglary, three counts of theft by unlawful taking, and one count of firearms not to be carried without a license.[7]

On May 25, 2018, this court sentenced Appellant to an aggregate term of 31 to 62 years' incarceration plus 27 years' probation. On June 1, 2018, Appellant filed a motion to reconsider. On July 23, 2018, this court granted the motion to reconsider and reduced Appellant's sentence to an aggregate term of 8-16 years of incarceration, and 5-7 years of probation to run consecutively.[8]

Appellant filed a timely notice of appeal on July 28, 2018. He raised fourteen issues on direct appeal. In our Rule 1925(a) opinion filed on March 14, 2019, this court addressed each of Appellant's claims and determined that he was not entitled to relief.

---

[7] CP-51-CR-0012569-2015: 18. Pa.C.S. § 3925(a), Receiving Stolen Property; 18 Pa.C.S. § 903, Conspiracy to Commit Receiving Stolen Property; CP-51-CR-0012570-2015: 18 Pa.C.S. § 3502(a)(4), Burglary; 18 Pa.C.S. § 903, Conspiracy to Commit Burglary; 18 Pa.C.S. § 3921(a): Theft by Unlawful Taking; CP-51-CR-0012571-2015: 18 Pa. C.S. § 3925(a) Receiving Stolen Property; 18 Pa. C.S. § 903, Conspiracy to Commit Receiving Stolen Property; CP-51-CR-0012572-2015: 18 Pa.C.S. § 3701(a)(1)(ii), Robbery; 18 Pa.C.S. § 903, Conspiracy to Commit Robbery; 18 Pa.C.S. § 3921(a), Theft by Unlawful Taking; CP-51-CR-0012573-2015: 18 Pa.C.S. § 3701(a)(1)(ii), Robbery; 18 Pa.C.S. 903, Conspiracy to Commit Robbery; 18 Pa.C.S. § 3921(a), Theft by Unlawful Taking; 18 Pa.C.S. § 6106(a)(1), Firearms Not to be Carried Without a License.

[8] There are discrepancies as to Appellant's actual sentence. In the Amended Order, there is language to suggest an aggregate sentence of 16-32 years of incarceration and 7 years of probation to run consecutively. In this court's Opinion dated March 14, 2019, this court stated that Appellant's aggregate amended sentence was 21-42 years of incarceration and 38 years of probation to run consecutively. This ambiguity is immaterial to this appeal because this court later resentenced Appellant on February 22, 2021.

On May 28, 2020, the Superior Court affirmed Appellant's conviction and judgment of sentence in part, vacated in part, and remanded for resentencing. Commonwealth v. Rouse, 2282 EDA 2018, 2020 WL 2781559 (Pa. Super. Ct. May 28, 2020). This court then issued an Amended Sentence Order on February 22, 2021, resentencing Appellant to an aggregate term of 8-16 years of incarceration, to run consecutively with any other sentences.

Appellant filed a timely *pro* se PCRA petition on March 1, 2021. Peter A. Levin, Esquire entered his appearance on Appellant's behalf and filed an Amended PCRA petition on October 13, 2021. On March 8, 2022, the Commonwealth filed a Motion to Dismiss Appellant's petition without an evidentiary hearing. After reviewing the petitions, the Commonwealth's motion, and all relevant matters of record, this court determined that Appellant's claims were meritless, did not raise any issue of material fact, and did not warrant an evidentiary hearing. Thus, on April 7, 2022, this court informed Appellant that his petition would be summarily dismissed pursuant to Pa.R.Crim.P. 907, and this court formally dismissed the petition on May 12, 2022.

Following this court's dismissal of Appellant's PCRA petition, Appellant filed a counseled notice of appeal on May 18, 2022. On May 19, 2022, this court ordered Appellant to submit a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b). Appellant promptly filed a 1925(b) statement on June 7, 2022, raising the following issues for review:

1. Trial counsel was ineffective for failing to file a post-sentence motion to reconsider the sentence.

2. Appellant is entitled to a new trial based on newly discovered evidence.

3. Appellant's convictions should be reversed due to a change in the law regarding the introduction of hearsay at preliminary hearings.

4. Appellant's convictions should be reversed due to a change in the law regarding Rule 600 motions.

5. The PCRA court was in error not granting an evidentiary hearing.

# DISCUSSION

In reviewing a PCRA court's dismissal of a petition, the standard of review is well settled: "The standard of review of an order dismissing a PCRA petition is whether that determination is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." Commonwealth v. Williams, 244 A.3d 1281, 1286-87 (Pa. Super. 2021) (citation omitted).

Moreover, a PCRA court may dismiss a petition without a hearing if the petition raises no genuine issue of material fact and no legitimate purpose would be served by further proceedings. Commonwealth v. Barbosa, 819 A.2d 81, 85 (Pa. Super. 2003) (citing Pa.R.Crim.P. 907). "To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." Commonwealth v. Blakeney, 108 A.3d 739, 750 (Pa. 2014) (citation omitted).

To be eligible for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that his conviction resulted from at least one of the following errors:

> (i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

> (ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

> (iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.

> (iv) has completed a sentence of imprisonment, probation or parole for the crime and is seeking relief based upon DNA evidence obtained under section 9543.1(d) (relating to postconviction DNA testing).

42 Pa.C.S.A. § 9543.

## I.     Counsel did not provide ineffective assistance by not filing a post-sentence motion to reconsider the sentence.

First, Appellant contends that trial counsel rendered ineffective assistance by failing to file a post-sentence motion challenging the discretionary aspects of the sentence imposed, and therefore, caused the Superior Court to find the issue waived on appeal. Amended Petition 10/31/21 at 17. Appellant argues that his sentence was harsh and unreasonable and would have raised a substantial question on appeal had his counsel preserved the issue. Id. However, this argument is unsupported by the record. Here, Appellant cannot establish all three prongs of ineffective assistance of counsel.

To be eligible under a theory of ineffective assistance of counsel, a petitioner must establish that counsel's ineffectiveness "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." Commonwealth v. Johnson, 966 A.2d 523, 532 (Pa. 2009) (quoting 42 Pa.C.S.A. § 9543(a)(2)(ii)). Counsel is presumed to have rendered effective assistance and the petitioner has the burden of proving otherwise. Id.

A petitioner can only satisfy his burden by pleading and proving **each** of the following elements by a preponderance of the evidence: (1) the underlying claim has arguable merit, (2) the strategic tactics employed by counsel had no reasonable basis designed to effectuate the petitioner's interest, and (3) the petitioner suffered actual prejudice, and, but for counsel's act or omission, the outcome of the proceeding likely would have been different.[9] Id. at 532-33. The ineffectiveness test is conjunctive; if a petitioner fails to satisfy a single prong, his ineffectiveness

---

[9] "The three-factor approach utilized in Pennsylvania derives from our application in Commonwealth v. Pierce, 515 Pa. 153, 527 A.2d 973, 975 (1987), of the 'performance and prejudice' test articulated by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)." Commonwealth v. Dennis, 950 A.2d 945, 954 (Pa. 2008).

claim will fail. Commonwealth v. Martin, 5 A.3d 177, 183 (Pa. 2010). Finally, "a claim of PCRA counsel's ineffectiveness is subject to the traditional test of ineffective assistance set forth above." Commonwealth v. Lauro, 819 A.2d 100, 109 (Pa. Super. 2003).

To prevail upon an ineffectiveness claim for failure to file a post-sentence motion, Appellant must establish prejudice. Commonwealth v. Liston, 977 A.2d 1089, 1092 (Pa. 2009). "[T]he failure to file post-sentence motions does not fall within the limited ambit of situations where a defendant alleging ineffective assistance of counsel need not prove prejudice to obtain relief." Liston, 977 A.2d at 1092 (citing Commonwealth v. Reaves 923 A.2d 1119, 1132 (Pa. 2007)). Thus, a petitioner must prove that trial counsel's failure to file a post-sentence motion prejudiced him by showing that had counsel filed a post-sentence motion, the sentencing court would have granted it. See Id. at 1092-1093.

Here, Appellant's claim that his sentence was harsh and unreasonable and would have raised a substantial question on appeal had his counsel preserved the issue lacks merit. Specifically, Appellant failed to provide any evidence to support this theory that had counsel filed a post-sentence motion to reconsider, this court would have granted the motion with a further reduced sentence. Trial counsel made a strategic maneuver by not challenging the July 23, 2018 sentence as it was already significantly reduced from Appellant's original sentence.

This court considered the applicable sentencing guidelines and Appellant's criminal history, which consisted of a prior record score of five, twenty-five arrests, twelve convictions, and eleven violations when it fashioned the sentence. The offense gravity score ("OGS") on the two lead charges of robbery, with a deadly weapon enhancement, is ten. N.T. 7/23/18 at 7. The sentencing guidelines recommend seventy-eight to ninety months, +/-12. Id. On the burglary charge, the OGS is five, and, thus, the sentencing guidelines recommend twelve to eighteen

months, +/3. Id. When all charges were combined, Appellant faced a fully mitigated sentence of twenty years of incarceration. Id. at 10. The applicable statutory maximum of these crimes exposed Appellant to a total of 140 years of incarceration. 18 Pa.Code § 15.66.

Additionally, this court took into consideration both the Commonwealth's and Appellant's arguments. This court also considered mitigating evidence from Appellant when fashioning the sentence.

At the original sentencing, this court explained its sentence on the record:

> I did review all the reports generated at the hearing. I listened to all evidence that was presented today, and I do recall the jury and I do recall the people who came in to testify.... All these robberies were people you and your friends were familiar with, and that's what makes this even more egregious. And I do from what you say, you do appear to be a good person, your brother has vouched for you; however, you really done some horrible things to people, and that is disparaging and concerning.

N.T. 5/25/18 at 22. At the reconsideration hearing, this court added: "I've reviewed my notes from the sentencing hearing, as well as the reports that were generated for your original hearing, as well as the arguments of the attorneys today, and I listened to you, [Appellant]." N.T. 7/23/18 at 12. This court reduced the prior sentence instructing him to "come out a better man." Id. at 17.

Given Appellant's egregious behavior over the course of several years, including holding a gun to one of the complainant's head and telling her she only had three minutes to open the store safe "or else", trial counsel made a strategic decision not to file another post-sentence motion to further reduce the sentence.[10] The facts of this case are troubling. Appellant stole two vans, burglarized one store, held a gun to a woman's head and robbed two more stores.[11] This court was and continues to be disturbed by the fact that these crimes were not random. Rather, Appellant frequented these stores and developed personal relationships with the people he later took

---

[10] N.T. 3/8/18 at 12, 18, 19.
[11] N.T. 5/25/18 at 17-19.

advantage of for his own personal gain. Appellant's trial counsel noted Appellant's predatory behavior at the resentencing hearing, stating, "the facts of the case are that he basically violated [his] friends." N.T. 7/23/18. Trial counsel acknowledged this court's discretion when it imposed Appellant's sentence. Id. at 7. Appellant's counsel had no reasonable basis to file an additional post-sentence motion given the nature of the crimes and the already reduced sentence.

Lastly, Appellant's argument fails because Appellant suffered no prejudice by his counsel's decision to not file a post-sentence motion challenging the July 2018 sentence. Specifically, the Superior Court remanded this court's decision on other grounds, and this court once again, resentenced Appellant. Thus, this court's resentencing on February 22, 2021, cured any prejudice Appellant claims to have suffered.

Accordingly, Petitioner's argument is without merit and, therefore, his ineffectiveness claim should be dismissed.

## II.  Appellant is not entitled to a new trial based on newly discovered evidence.

Appellant is not entitled to relief under the PCRA's after-discovered evidence provision. See 42 Pa.C.S.A. § 9543(a)(2)(vi). To prevail on an after-discovered evidence claim for relief under 42. Pa.C.S.A. § 9543(a)(2)(vi), a petitioner must prove that "(1) the exculpatory evidence has been discovered after trial and could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict." Commonwealth v. Burton, 158 A.3d 618, 629 (Pa. 2017) (citing Commonwealth v. D'Amato, 856 A.2d 806, 823 (Pa. 2004)).

Appellant purports that he is entitled to relief because of newly discovered evidence of police misconduct involving two officers minimally associated with this case. The petition states that Appellant's PCRA counsel received a notice from the District Attorney's Office disclosing

that two police officers "who were originally involved in Petitioner's investigation had been identified as officers who may have engaged in misconduct." Amended Petition 10/31/21 at 18. Petitioner proffers that in February 1999, the Internal Affairs Division ("IAD") determined that Sgt. Michael Corbett engaged in verbal and physical abuse and leaked confidential police information concerning an IAD investigation to the Abington Police Department. Additionally, Sgt. Joseph Przepiorka was fired in 2019 for violating the police Disciplinary Code by repeatedly posting racist and xenophobic material on his social media accounts. Appellant claimed that he was unaware of Corbett and Przepiorka's involvement in his investigation, as the Commonwealth first disclosed this information to Petitioner in April 2021. Amended Petition 10/31/21 at 18.

This meritless claim fails to establish the fourth requirement articulated in Burton, that the addition of the after-discovered evidence "would likely compel a different verdict." See Burton, 158 A.3d at 629. Appellant fails to provide any connection between Sgt. Corbett and Sgt. Przepiorka's misconduct with this case. He states that the two officers were "originally involved in Petitioner's investigation," but fails to identify their involvement. Amended Petition 10/31/21 at 18. Based on the petition, it is not clear what involvement Corbett or Przepiorka had with this case. Neither officer testified at trial. Furthermore, Appellant fails to provide any evidence that either officer interviewed witnesses or handled any pieces of evidence.

Given the strength of the overwhelming evidence in this case and the lack of specificity of Sgt. Corbett and Sgt. Przepiorka's actual role in this investigation, it is highly unlikely that the addition of their police misconduct would result in a different verdict for Appellant. Thus, Appellant's after-discovered evidence claim is without merit.

III. **Appellant is not entitled to relief based on a change in law concerning the use of hearsay evidence at a preliminary hearing.**

Appellant argues his conviction should be reversed due to the change in law concerning the use of hearsay evidence at a preliminary hearing. In support of his claim for relief, Appellant cites precedent established by the Pennsylvania Supreme Court case Commonwealth v. McClelland, 233 A.3d 717, 721 (Pa. 2020). Therein, the Court held that hearsay evidence alone is insufficient to establish a prima facie case at a preliminary hearing. See Commonwealth v. McClelland, 233 A.3d 717, 721 (Pa. 2020).

Appellant cannot receive relief under the McClelland decision because any defect in Appellant's preliminary hearing was cured at trial. In Commonwealth. v. Rivera, 255 A.3d 497 (Pa. Super. 2021), the Superior Court refused to apply McClelland where the defendant had been convicted and the complained-of defect in his preliminary hearing had been cured at trial. The Court reasoned, "[o]nce [an] appellant has gone to trial and been found guilty of the crime, any defect in the preliminary hearing is rendered immaterial[.]" Id. at 504 citing Commonwealth v. Tyler, 587 A.2d 326, 328 (Pa. Super. 1991).

On December 11, 2015, a preliminary hearing was held before the Honorable Michael Erdos. Appellant's trial took place between March 5 and March 14, 2018 before this court. On March 14, 2018, the jury convicted Appellant. Thus, any defect in Appellant's preliminary hearing was cured at trial. See Rivera, 255 A.3d at 504. It is for this reason that Appellant's claim fails.

Additionally, Appellant cannot retroactively apply the change in law concerning preliminary hearings to this case. "Where an appellate decision overrules prior law and announces a new principle, unless the decision specifically declares the ruling to be prospective only, the new rule is to be applied retroactively to cases where the issue in question is properly preserved at all stages of adjudication up to and including any direct appeal." Commonwealth v. Hays, 218 A.3d 1260, 1266-67 (Pa. 2019) citing Commonwealth v. Cabeza, 469 A.2d 146, 148 (Pa. 1983).

Appellant cannot apply the McClelland rule to his case because he failed to preserve his objection. The Supreme Court decided McClelland on July 21, 2020. This court resentenced Appellant on February 22, 2021, after the Superior Court remanded the case for resentencing. Appellant failed to raise the McClelland decision in front of this court until his current amended petition, which was filed on October 13, 2021, over a year after the McClelland decision. Thus, because Appellant did not properly preserve his objection, Appellant cannot apply the McClelland rule retroactively to his case. For these reasons, Appellant's claim is deficient.

## IV. Appellant is not entitled to relief based on a change in law concerning Rule 600 motions.

Appellant asserts that he is entitled to relief based on Commonwealth v. Harth, 252 A.3d 600, 617 (Pa. 2021), which held that when analyzing a Rule 600 motion, the Commonwealth must demonstrate that it acted with due diligence before a trial court excludes time from its Rule 600 time computations on the basis of judicial delay. However, this claim lacks merit because Harth is inapplicable, and the procedural history of this case does not support a Rule 600 claim.

Rule 600 provides that "[t]rial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed." Pa.R.Crim.P. 600(A)(2)(a). In addition, under Rule 600, "periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence," while "[a]ny other periods of delay shall be excluded from the computation." Pa.R.Crim.P. 600(C)(1).

It has been established that, "[w]hile retroactive application of a new rule of law is a matter of judicial discretion usually exercised on a case-by-case basis, the general rule is that the decision announcing a new rule of law is applied retroactively so that a party whose case is pending on

direct appeal is entitled to the benefit of the changes in the law." Commonwealth v. Hays, 218 A.3d 1260, 1264–65 (Pa. 2019).

The Superior Court in Commonwealth v. Olson, 179 A.3d 1134 (Pa. Super. 2018) refused to retroactively apply a higher court's decision to cases pending on collateral review. In Olson, appellant was arrested and found guilty of driving under the influence. Id. at 1136. At sentencing, appellant received a mandatory minimum sentence for refusing to consent to a blood alcohol test. Id. Appellant challenged the legality of his sentence by way of a PCRA petition. Id. Therein, he relied on a recently decided U.S. Supreme Court decision, Birchfield v. North Dakota, which rendered enhanced penalties for blood alcohol test refusals unconstitutional.[12] Id. Moreover, appellant argued that the Birchfield decision should be considered substantive and, therefore, applied retroactively. Id. at 1137.

The Superior Court declined to retroactively apply Birchfield for two reasons. First, the Court explained that new rules are generally applicable only to cases that are still on direct review. Id. at 1139. Appellant's judgment of sentence was final approximately six months before the Birchfield decision and appellant failed to file a direct appeal. Id. at 1134.

Second, the Court stated that a new rule is deemed retroactive for both direct and collateral review only if "(1) the rule is substantive or (2) the rule is a 'watershed rule of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding." Id. at 1139. However, the Court concluded that Birchfield does not constitute a new substantive rule." Id. The court distinguished substantive rules by explaining, "substantive rules are those that decriminalize conduct or prohibit punishment against a class of persons. [R]ules that regulate only the manner

---

[12] *570 U.S. 438 (2016)* holding that "motorists cannot be deemed to have consented to submit to a blood test on pain of committing a criminal offense." Accordingly, the Pennsylvania Superior Court has recognized that Pennsylvania's implied consent scheme was unconstitutional insofar as it threatened to impose enhanced criminal penalties for the refusal to submit to a blood test. Olson, 179 A.3d at 1138.

of determining the defendant's culpability are procedural." Id. The Birchfield rule was deemed procedural because it merely regulated "the manner of determining the degree of defendant's culpability and punishment." Id.

In the case at bar, the Superior Court remanded Appellant's matter after direct review and the judgment of sentence became final on February 22, 2021. The Harth decision that Appellant relies on was rendered four months later on June 22, 2021. Appellant's matter was no longer on direct review and thus, the new rule may not be applied retroactively.

This court need not decide whether the change in the burden of proof articulated in Harth is substantive or procedural because the Commonwealth was diligent in prosecuting its complaint against Appellant since the refiling of the case on September 17, 2015. If the Commonwealth is diligent in prosecuting a complaint, and if the complaint is dismissed because of factors beyond the Commonwealth's control, then the Commonwealth, upon re-filing the charges in a second complaint, is entitled to have the time under Rule 600 run from the date of that second filing. Commonwealth v. Peterson, 19 A.3d 1131, 1141 (Pa. Super. 2011). When identical charges have been filed on two occasions, the "run date is calculated from the second filing only if the first complaint was properly dismissed by a competent judicial or magisterial authority, and the Commonwealth's actions precipitating dismissal were undertaken without any intent to evade the rule's mandate." Commonwealth v. Medius, 870 A.2d 802, 805 (Pa. 2005).

The Rule 600 run date began on the Commonwealth's refiling of its complaint against Appellant on September 17, 2015. The Commonwealth first filed its complaint against Appellant on May 23, 2014. The Commonwealth's actions precipitating dismissal were "undertaken without any intent to evade the rule's mandate." Id. Moreover, the court dismissed the Commonwealth's first complaint on August 28, 2015, because of lack of evidence. Thus, because the Commonwealth

did not act to precipitate dismissal of the first complaint by attempting to evade the Rule 600 mandate, and a competent judicial authority dismissed the first complaint, the run date for Rule 600 time computation purposes starts at the refiling date.

Appellant contends that "nine listings at the Municipal court level where the Commonwealth was not ready with either witnesses failing to appear or the specifically assigned prosecutor being unavailable." Amended Petition 10/31/21 at 21. However, these listings are not applicable to this petition because those instances occurred prior to the September 17, 2015 refiling date.

Since the refiling of charges on September 17, 2015, the Commonwealth acted diligently in prosecuting Appellant. There is no evidence of any Commonwealth delays. Rather, Appellant requested nearly all the continuances in this case. The record indicates that following the filing of the second complaint, there were thirteen excludable continuances – adding up to 701 days; almost two years – attributable to Appellant while the Commonwealth was not solely responsible for a single continuance during the period between the refiling of the complaint and the trial. After adding the 701 days to the mechanical run date of September 17, 2016, the adjusted run date was August 19, 2018, far after the trial date of March 5, 2018. See Trial Ct. Op. at 21-22.

Although Harth cannot be applied retroactively to this case because it was published after Appellant's case was final, Appellant's claim under Harth fails because the Commonwealth diligently prosecuted the case.

V.    **This court did not err in dismissing Appellant's petition without an evidentiary hearing.**

In his final claim of error, Appellant argues that this court erred in dismissing his petition without an evidentiary hearing. This claim is meritless.

It is well settled that a PCRA petitioner has no absolute right to an evidentiary hearing. Commonwealth v. Grayson, 212 A.3d 1047, 1054 (Pa. Super. 2019). A PCRA court has discretion to dismiss a petition without a hearing "if the petitioner's claim is patently frivolous and has no support either in the record or other evidence." Id. (citation omitted). Moreover, when there are no disputed factual issues, an evidentiary hearing is not required. Commonwealth v. Morris, 684 A.2d 1037, 1042 (Pa. 1996). On appeal, a reviewing court must evaluate "each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing." Commonwealth v. Wah, 42 A.3d 335, 338 (Pa. Super. 2012) (citing Commonwealth v. Hardcastle, 701 A.2d 541, 542–43 (Pa. 1997).

Here, Appellant did not present any contested, material fact which, if resolved in his favor, would entitle him to PCRA relief. Thus, an evidentiary hearing was unnecessary, and this court's order dismissing his petition should be affirmed.

## CONCLUSION

This court has undertaken careful review of the record and finds no harmful, prejudicial, or reversible errors, and its order dismissing Appellant's PCRA petition should be affirmed.

BY THE COURT:

_____
Lane, J.

# IN THE COURT OF COMMON PLEAS
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
## TRIAL DIVISION – CRIMINAL SECTION

COMMONWEALTH OF PENNSYLVANIA   :

                               :        CP-51-CR-0012569-2015

                               :        CP-51-CR-0012570-2015

                               :        CP-51-CR-0012571-2105

                               :        CP-51-CR-0012572-2015

          v.                    :        CP-51-CR-0012573-2015

                               :        **1392 EDA 2022**

                               :        **1393 EDA 2022**

                               :        **1394 EDA 2022**

                               :        **1395 EDA 2022**

     **MARTIN ROUSE**              :        **1396 EDA 2022**

## PROOF OF SERVICE

I hereby certify that I am this day serving the foregoing Court Opinion upon the person(s), and in the manner indicated below, which service satisfies the requirements of Pa. R. Crim. P. 114:

Defense Counsel:      Peter A. Levin, Esq.
                       1927 Hamilton Street
                       Philadelphia, PA 19130

Type of Service:      (x) First Class Mail ( ) Certified ( ) Personal Service

District Attorney:     Paul George, Esq.
                       Supervisor, Appeals Unit
                       Philadelphia District Attorney's Office
                       Three South Penn Square
                       Philadelphia, PA 19107-3499

Type of Service:      (x) First Class Mail ( ) Certified ( ) Personal Service

Date: August 1, 2022

John Gibbons
Law Clerk to the Honorable Timika Lane