**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| VINCENT ANTHONY CATRONE | : | |
| | : | |
| Appellant | : | No. 570 MDA 2025 |

Appeal from the PCRA Order Entered April 1, 2025
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0004713-2008

BEFORE:    DUBOW, J., BECK, J., and LANE, J.

MEMORANDUM BY LANE, J.:                **FILED: MARCH 12, 2026**

Vincent Anthony Catrone ("Catrone") appeals from the order imposed, following remand by this Court, reinstating a prior order denying Catrone's first, timely petition under the Post Conviction Relief Act ("PCRA").  We affirm.

We need not review in detail the underlying allegations and trial evidence, which a prior panel of this Court has set forth.[1]  Instead, we summarize that the instant charges arose from Catrone's years-long sexual abuse of his step-daughter, when she ten through eighteen years old.  This matter proceeded to a jury trial in 2012, where Joseph Nocito, Esquire ("Trial Counsel"), represented Catrone.  The jury found Catrone guilty of three counts of involuntary deviate sexual intercourse ("IDSI"), two counts of aggravated

---

[1] *See Commonwealth v. Catrone*, 209 A.3d 491 (Pa. Super. 2019) (unpublished memorandum).

indecent assault, and one count each of unlawful contact with a minor, statutory sexual assault, and indecent assault. On April 11, 2014, the trial court imposed an aggregate sentence of twenty-three years and five months to forty-six years and ten months' imprisonment.

Catrone filed a direct appeal, and on June 28, 2019, this Court affirmed his judgment of sentence in part, but vacated the trial court's designation of Catrone as a sexually violent predator under the then-in effect version of Pennsylvania Sex Offender Registration and Notification Act[2] ("SORNA"). **See Commonwealth v. Catrone**, 219 A.3d 274 (Pa. Super. 2019) (unpublished memorandum).

On May 27, 2020, Catrone filed a timely, *pro se* PCRA petition.[3] The PCRA court appointed Leonard Gryskewicz, Esquire ("PCRA Counsel"), to represent Catrone. Ultimately, PCRA Counsel filed an amended supplemental

---

[2] **See** 42 Pa.C.S.A. §§ 9799.10-9799.41 (current version). This Court noted however, that due to Catrone's IDSI convictions, he remained subject to lifetime registration under SORNA.

[3] Catrone did not file a petition for allowance of appeal with the Pennsylvania Supreme Court. Thus, for PCRA purposes, his judgment of sentence became final at the end of the thirty-day period for him to file such a petition, or Monday, July 29, 2019. **See** 42 Pa.C.S.A. § 9545(b)(3); **see also** 1 Pa.C.S. § 1908 (providing that when last day of any period of time referred to in any statute falls on Sunday, such day shall be omitted from computation); Pa.R.A.P. 1113(a) (requiring a petition for allowance of appeal to be filed within thirty days of judgment). Catrone then generally had one year, or until July 29, 2020, to file a PCRA petition. **See** 42 Pa.C.S.A. § 9545(b)(1). As stated above, he filed a *pro se* petition on May 27, 2020.

PCRA petition, which alleged Trial Counsel was ineffective for: (1) failing to inform Catrone of a plea offer with a sentence of fourteen to twenty-eight months' imprisonment; (2) not cross-examining a Commonwealth character witness, who had testified that Catrone had a "terrible" reputation in the community, with a newspaper article that showed Catrone had organized a fundraiser for that witness; and (3) not calling Catrone's two friends to testify that "they were frequently at [Catrone's] residence, they never observed or suspected any type of abuse, and [Catrone] had a reputation for good moral character." Amended Supplemental PCRA Petition, 1/14/21, at 3-5.

In June 2021, the PCRA court conducted an evidentiary hearing, at which Catrone and his two friends, cited above, testified. PCRA Counsel rested his case without calling Trial Counsel, who was in the courtroom, to testify. At that juncture, the Commonwealth made an oral motion to dismiss the PCRA petition, arguing that Catrone bore the burden of establishing grounds for relief, and that without Trial Counsel's testimony, he could not show whether Trial Counsel had a reasonable basis for his trial strategies. PCRA Counsel responded that he assumed the Commonwealth would call Trial Counsel, as it was its usual practice, and that if it did not, the PCRA court should reopen Catrone's case-in-chief. *See* N.T., 6/28/21, at 42. PCRA Counsel further acknowledged that if the court granted the Commonwealth's motion to dismiss, he (PCRA Counsel) was *per se* ineffective, and Catrone should file a

second PCRA petition. **See id**. at 45. The PCRA court deferred ruling on the dismissal motion.

On that same day, PCRA Counsel filed a motion to appoint substitute counsel and for leave to file an amended PCRA petition. On August 4, 2023, the PCRA court denied both the Commonwealth's motion to dismiss and PCRA Counsel's motion for substitute counsel. Instead, the PCRA court conducted an additional evidentiary hearing, reopening Catrone's case-in-chief and permitting PCRA Counsel to call Trial Counsel and examine him with respect to the ineffectiveness of Trial Counsel claims. **See** N.T., 9/21/23, at 5-30.

On December 21, 2023, the PCRA court denied Catrone's PCRA petition on the merits. Catrone, still represented by PCRA Counsel, filed a notice of appeal. While the appeal was before this Court, however, PCRA Counsel filed another application to withdraw from representation and for the appointment of substitute counsel, averring that Catrone had potential claims of ineffectiveness claims against him, PCRA Counsel.[4] In response, on August 2, 2024, this Court: (1) vacated the PCRA court's December 21, 2023, denial of relief, without prejudice for the PCRA court to reinstate it **if** it determined that PCRA Counsel was not ineffective; and (2) directed the court to rule on the

---

[4] **See Commonwealth v. Bradley**, 261 A.3d 381, 401 (Pa. 2021) (holding that a PCRA petitioner may "raise claims of ineffective assistance of counsel at the first opportunity to do so, even when on appeal" from the denial of a PCRA order).

- 4 -

merits of Catrone's application for substitute counsel. *See* Order, 89 MDA 2024 (Pa. Super. 2024).

After remand of the record, the PCRA court appointed Stephen Molitoris, Esquire ("Present Counsel"), to represent Catrone. Present Counsel filed a supplemental PCRA petition, which raised the same claims of Trial Counsel's ineffectiveness previously presented, and argued these claims had merit but "PCRA [C]ounsel was ineffective in failing to properly fully present [them] to the PCRA court." Supplement to PCRA Petition, 10/3/24, at unnumbered 2. On March 25, 2025, the PCRA court conducted a hearing on the claim that PCRA Counsel was ineffective. PCRA Counsel testified at this hearing.

Following the parties' arguments, the PCRA court found that Catrone failed to establish PCRA Counsel's ineffectiveness. The court reasoned that *had* it granted the Commonwealth's motion to dismiss, made at the first PCRA hearing in June 2021, Catrone simply would have filed a new PCRA petition and the court and the parties "would have started all over again calling the same . . . witnesses." N.T., 3/25/25, at 18. Instead, the court summarized, it reopened the record and permitted PCRA Counsel to call Trial Counsel. The court thus opined that Catrone did not suffer prejudice, as "he was allowed to cure any error" and "call any witnesses thereby curing any concern of" PCRA Counsel's ineffectiveness. *Id*. Accordingly, per the Superior Court's remand

order, the PCRA court reinstated the December 21, 2023 order denying PCRA relief.[5]

Catrone filed a timely notice of appeal. He and the PCRA court have complied with Pa.R.A.P. 1925. We summarize that in its opinions, the PCRA court: (1) reiterated that it had granted PCRA Counsel's request to reopen the record and permitted him to call Trial Counsel and present the evidence he wished; and (2) set forth its reasons for denying the claims of Trial Counsel's ineffectiveness on the merits.

Catrone presents two issues for our review:

1. Upon remand from the Superior Court of Pennsylvania to determine whether PCRA [C]ounsel provided ineffective assistance of counsel — did the [PCRA] court err in reinstating the dismissal of [Catrone's] PCRA petition where PCRA [C]ounsel was ineffective?

2. Upon remand from the Superior Court of Pennsylvania to determine whether PCRA [C]ounsel provided ineffective assistance of counsel — did the [PCRA] court err in reinstating the dismissal of [Catrone's] PCRA petition where [Catrone's] claims of ineffective assistance of [T]rial [C]ounsel — not properly presented to the court by PCRA [C]ounsel — are valid?

Catrone's Brief at 3 (unnecessary capitalization omitted).

As Catrone's issues overlap, we address them together. He avers: (1) "PCRA [C]ounsel was ineffective in failing to properly and fully present the claims . . . to the PCRA court;" and (2) due to this ineffectiveness, the PCRA

_____

[5] The PCRA court issued the underlying written order, memorializing this ruling, several days later on April 1, 2025.

court should have granted "a new evidentiary hearing [for Catrone] to present his claims of [Trial Counsel's] ineffectiveness for proper review." *Id*. at 8, 11 (unnecessary capitalization omitted). Catrone further argues that "had these claims been properly and fully presented to the PCRA court, the court would have had clear bases to grant the underlying PCRA petition." *Id*. at 12 (unnecessary capitalization omitted). Catrone reiterates his claims of Trial Counsel's ineffective assistance — for failure: to inform him of "of all relevant plea offers from the Commonwealth;" to "call relevant and available fact witnesses on his behalf at trial;" and "to rebut the character witness of the Commonwealth." *Id*. at 7. However, Catrone presents no discussion, argument, or supporting law in support of these claims.

In response, the Commonwealth reasons that the PCRA court "eliminated the claim that PCRA [C]ounsel was ineffective for not calling [T]rial [C]ounsel by reopening the record[and] giving PCRA [C]ounsel the opportunity to call Trial Counsel as a witness." Commonwealth's Brief at 19. Furthermore, the Commonwealth argues that Catrone merely presents "conclusionary statements that [T]rial [C]ounsel was ineffective," and fails to "discuss or adequately analyze [T]rial [C]ounsel's ineffectiveness." *Id*. at 19.

We first consider the applicable standard of review:

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by evidence of record and is free of legal error. In evaluating a PCRA court's decision, our scope of review is limited to the findings of the PCRA court and the evidence of

record, viewed in the light most favorable to the prevailing party at the trial level. . . .

***Commonwealth v. Burkett***, 5 A.3d 1260, 1267 (Pa. Super. 2010) (citations omitted).

This Court has explained:

Counsel is presumed effective and will only be deemed ineffective if the petitioner demonstrates that counsel's performance was deficient and he was prejudiced by that deficient performance. Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability "is a probability sufficient to undermine confidence in the outcome."

To properly plead ineffective assistance of counsel, a petitioner must plead and prove: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act. If a petitioner fails to plead or meet any elements of the above-cited test, his claim must fail.

***Id***. at 1271-72 (citations omitted). We note:

In determining a layered claim of ineffectiveness, the critical inquiry is whether the first attorney that the defendant asserts was ineffective did, in fact, render ineffective assistance of counsel. If that attorney was effective, then subsequent counsel cannot be deemed ineffective for failing to raise the underlying issue. . . .

***Id***. at 1270.

Finally, we consider: "A PCRA petitioner must exhibit a concerted effort to develop his ineffectiveness claim and may not rely on boilerplate allegations of ineffectiveness." ***Commonwealth v. Maddrey***, 205 A.3d 323, 328 (Pa. Super. 2019) (citation omitted). Additionally, an appellant's brief shall include

"such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a).

After careful review, we determine the record supports the PCRA court's decision to reinstate the dismissal of his PCRA petition. ***See Burkett***, 5 A.3d at 1267. We agree with both the court's and the Commonwealth's reasoning that Catrone has failed to establish PCRA Counsel's ineffectiveness. First, we emphasize that Catrone has not articulated, beyond a bald allegation, particularly how or why PCRA Counsel failed to present the claims of Trial Counsel's ineffectiveness. ***See*** Pa.R.A.P. 2119(a). Instead, Catrone baldly avers that "PCRA [C]ounsel was ineffective for failing to properly and fully present the claims . . . to the PCRA court." Catrone's Brief at 8 (unnecessary capitalization omitted). To the extent he would argue that PCRA Counsel failed to call Trial Counsel as a witness at the initial June 2021 hearing, the PCRA court has repeatedly pointed out that it subsequently reopened the record, conducted a second hearing, and allowed PCRA Counsel to call this witness. We further reiterate that PCRA Counsel had a full opportunity to present argument on the underlying claims, and, on December 21, 2023, the PCRA court denied relief on the merits, after considering Trial Counsel's testimony. In the present appeal, Catrone offers no challenge or discussion of the PCRA Court's reasoning.

Additionally, on appeal Catrone has wholly failed to develop the merits of his underlying claims of Trial Counsel's ineffectiveness. He presents no

discussion of any of the ineffectiveness elements of any of his claims. Catrone also ignores or overlooks the PCRA court's discussion of the merits, including the court's crediting Trial Counsel's reasons for the actions he took, and thus finding he had a reasonable basis for trial strategies.[6] For all the foregoing reasons, we determine Catrone has failed to meet his burden of proving his layered claim of PCRA Counsel's ineffective assistance. **See Burkett**, 5 A.3d at 1270.

_____

[6] **See** PCRA Court Opinion, 12/21/23, at 3 (finding: Trial Counsel had a reasonable basis for not calling Catrone's two friends as additional character witnesses, where Trial Counsel credibly testified that he had already called two defense character witnesses at trial, the Commonwealth "did a complete and effective cross-exam . . . that caused [Trial Counsel] concern for additional character witnesses," and Trial Counsel "believed that the jury heard the necessary testimony regarding [Catrone's] good moral character"), 6 (noting: (1) although Catrone had testified that Trial Counsel told him of a plea deal of fourteen months to ten years' imprisonment, Trial Counsel instead told his friend of a plea deal of fourteen to twenty-eight months' imprisonment "that could go up to ten years if he got in trouble again;" (2) Catrone offered no other evidence of this "purported third party conversation" between Trial Counsel and Catrone's friend; (3) at the June 2021 PCRA hearing, Catrone "was presented with a document . . . signed by himself and" Trial Counsel, which "acknowledged that he was offered a plea to statutory sexual assault and . . . that the [sentencing guidelines] were discussed[, but] he rejected the offer;" (4) Catrone testified incredibly that he did not read this document and "just signed it;" and (5) Trial Counsel testified credibly that after jury selection, he discussed with Catrone a plea offer to statutory sexual assault and the applicable sentencing guidelines, but "[i]n no uncertain terms did [Catrone] want to . . . pursue this plea agreement").

For the foregoing reasons, we affirm the PCRA court's reinstatement of its December 21, 2023 order, which denied the underlying PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/12/2026